**UNITED STATES of America,**
**Appellee,**

v.

**Joseph SAPIA, et al., Defendants,**

**Edwin Diaz, Defendant–Appellant.**

**Docket Nos. 00–1792(L), 01–1050.**

United States Court of Appeals,
Second Circuit.

May 30, 2003.

Howard M. Simms, New York, N.Y., for Appellant.

James B. Comey, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee, (David B. Anders and Gary Stein, Assistant United States Attorneys, of counsel).

PRESENT: WALKER, Chief Judge, CALABRESI, Circuit Judge, and KORMAN,* Chief Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 30th day of May, two thousand and three.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Defendant-appellant Edwin Diaz appeals from a judgment of conviction entered January 29, 2001, following a jury trial, of one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. Diaz argues that his conviction should be overturned because there was insufficient evidence to support his conviction. We disagree.

"To succeed on his claim[ ] of insufficient evidence[, Diaz] must show that no rational trier of fact, viewing the evidence in the light most favorable to the government, could have found him guilty beyond a reasonable doubt of the essential elements of the crime[ ] charged." *United States v. Desena*, 287 F.3d 170, 176 (2d Cir.2002). This is a "very heavy burden." *Id.* at 177.

Diaz argues that the evidence was insufficient because (1) the testimony of co-conspirator Hedgepeth was not trustworthy, and (2) Diaz did not operate at the direction of Joseph Sapia, the conspiracy leader. Diaz's first argument fails because "[a] conviction may be sustained on the basis of the testimony of a single accomplice, so long as that testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt." *United States v. Diaz*, 176 F.3d 52, 92 (2d Cir.1999) (alteration in original) (internal quotation marks omitted). Diaz offers no facts that make co-conspirator Hedgepeth's testimony incredible.

Diaz's second argument fails because the government presented evidence indicating

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

that Diaz regularly purchased wholesale quantities of cocaine from Sapia. This pattern of purchases provides sufficient evidence that Diaz "agreed to participate in what he knew to be a collective venture directed toward [the] common goal" of selling cocaine. *United States v. Berger*, 224 F.3d 107, 114 (2d Cir.2000) (internal quotation marks omitted).

Accordingly, for the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**